IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BONJOUR K. MACK | ) | |
| | ) | Case No. 17 C 6908 |
| Plaintiff, | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

**THIRD AMENDED COMPLAINT**

Plaintiff, Bonjour K. Mack, by and through her attorneys, Kenneth M. Battle and O'Connor & Battle, LLP, and for her Third Amended Complaint, states as follows:

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disability Act, 42 U.S.C. § 12101 et *seq* ("ADA"); 42 U.S.C. § 1981a, 1983, to correct unlawful employment practices on the basis of Plaintiff's disability and to provide appropriate relief to Plaintiff, who was adversely affected by such practices.

**INTRODUCTION**

1. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331, 1337 and 1345.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division; hence venue is proper.

3. Plaintiff has exhausted her administrative remedies. Plaintiff received a right to sue letter from the Equal Opportunity Commissions Office on June 26, 2017. See Dkt. No. 1.

4. Plaintiff, Bonjour K. Mack ("Plaintiff"), is an African-American woman who was employed by Defendant Chicago Transit Authority ("Defendant") from September 2006 through

1

December 2014.

5. At all relevant times, Defendant was and continues doing business in the State of Illinois and City of Chicago, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, and is thus an "employer" within the meaning of Title VII. 42 U.S.C. § 2000e(b), (g) and (h).

7. This court has supplemental jurisdiction over any claims that arise under Illinois common law pursuant to 28 U.S.C. § 1367 in that the claims are so related to the claims in the other counts of this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

## COUNT I
## UNLAWFUL RETALIATION IN VIOLATION OF THE ADA

8. On or about September 11, 2006, Plaintiff was hired as a bus driver by Defendant.

9. At various times throughout her tenure as an employee of Defendant, Plaintiff experienced disabilities in the form of visual impairment and mental health challenges that required medical treatment. Defendant was aware of Plaintiff's disabilities.

10. At various times throughout her tenure as an employee of Defendant, Plaintiff received negative backlash from her supervisors and management because she required time away from Defendant to seek medical treatment for her vision, post-traumatic stress disorder, and anxiety.

11. At all times relevant herein, Plaintiff asked for reasonable accommodations for her disabilities, such as a transfer to a different or vacant position, to no avail.

12. Instead, Plaintiff received negative backlash and punishment at the hands of Defendant supervisors and management personnel, such as being subject to attend mandatory

daily meetings before her shift; repeated verbal and written warning for infractions that either 1) did not occur, or 2) went unnoticed or unpunished when done by other similarly situated Defendant bus operators.

13. By complaining to the Defendant of having to work despite her disabilities, Plaintiff notified Defendant that it had violated various laws and alerted Defendant to the violations.

14. Nevertheless, Defendant continued to engage in an ongoing pattern of adverse employment actions directed at Plaintiff, including, but not limited to, abuse, harassment, intimidation, unsubstantiated criticisms, wrongful denial of her requests for accommodation, verbal and written warnings, and other forms of mental harassment.

15. Defendant's actions were all pretext to force Plaintiff to leave her employment with Defendant due to her disabilities and ongoing medical issues.

16. On September 4, 2014, Defendant sent Plaintiff a letter that made no mention of her request for reasonable accommodations, but stated that she could request a one-year extension of her inactive status by providing medical documents before December 8, 2014 to Defendant's Benefits Service Department.

17. Despite Plaintiff's disabilities and health issues, she submitted all of her medical documentation to Defendant's Benefits Service Department on December 8, 2014.

18. However, rather than making reasonable accommodations for Plaintiff by placing her in a vacant or different position, on December 9, 2014, Defendant mailed Plaintiff a termination letter.

19. Ultimately, Defendant refused to engage in any collaborative process with Plaintiff and intentionally terminated her in retaliation for her disclosures regarding her

disabilities, and her continuous request for reasonable accommodations due to her disabilities.

20. Plaintiff's activities and expression in connection with her requests that Defendant reasonably accommodate her disability constitute activity or expression protected by the ADA.

21. Plaintiff's protected activities and expression in connection with her requests for accommodation were known to Defendant.

22. Defendant has retaliated against Plaintiff by taking adverse employment actions and making adverse employment decisions, because of Plaintiff's protected activities and expression in connection with her requests that Defendant reasonably accommodate her disability.

23. The retaliatory actions of Defendant violate Title I of the Americans with Disability Act, had an adverse effect on Plaintiff's employment, and have caused, and will continue to cause, injury to Plaintiff as described herein.

24. In retaliating against Plaintiff in response to her protected activities and expression under the ADA, Defendant has deprived, and continues to deprive Plaintiff of her federally protected civil rights.

25. Defendant acted with malice and reckless indifference to, and disregard for Plaintiff's federally protected disabilities.

26. As a result of Defendant's acts and/or omissions, Plaintiff has lost substantial amounts in wages, employee benefits, and other compensable damages.

27. As a result of Defendant's acts and/or omissions, Plaintiff has endured both mental and physical pain and suffering and other injuries.

28. All conditions precedent to the institution of this lawsuit have been fulfilled.

WHEREFORE, plaintiff, Bonjour K. Plaintiff, respectfully requests that this court enter

judgment in her favor and against defendant, Chicago Transit Authority, as follows:

    A. That a finding be entered that Defendant intentionally terminated Plaintiff in retaliation for her disclosures regarding her disabilities, and her request for reasonable medical accommodations, in violation of the ADA;

    B. That a finding be entered indicating that Defendant acted with malice and/or reckless indifference to, and disregard for, Plaintiff's federally protected rights under federal and state laws;

    C. That Plaintiff be awarded damages, including but not limited to, damages equal to her regular pay and lost employment benefits, and interest from the dates when such amounts would have been paid until such time as judgment in this case is rendered;

    D. That Plaintiff be awarded front pay commensurate with an amount equal to her salary and all employee benefit plans which would have accrued if her employment had not been wrongfully interrupted;

    E. That Plaintiff be awarded compensatory damages in an amount to compensate her for her past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

    F. That Plaintiff be awarded punitive damages on account of Defendant's malicious and/or reckless and callous indifference to Plaintiff's federally protected rights;

    G. That Plaintiff be awarded her costs of maintaining this action, including reasonable attorneys' fees, pursuant to federal and state laws; and

    H. That Plaintiff be awarded such other relief as this court deems just and equitable to effectuate the purposes of relevant federal and state laws.

## COUNT II
## DISPARATE TREATMENT IN VIOLATION OF TITLE I OF THE ADA

29. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 28 above, as though fully set forth herein.

30. Defendant had a practice of placing its bus drivers who could no longer drive into other available positions within the company.

31. Defendant violated Title I of the ADA by treating Plaintiff disparately in that they failed to place Plaintiff in a different or vacant position solely because of her disability while other similarly situated employees were placed in different or vacant positions.

WHEREFORE, plaintiff, Bonjour K. Plaintiff, respectfully requests that this court enter judgment in her favor and against defendant, Chicago Transit Authority, as follows:

A. That a finding be entered that Defendant intentionally terminated Plaintiff in retaliation for her disclosures regarding her disabilities, and her request for reasonable medical accommodations, in violation of the ADA;

B. That a finding be entered indicating that Defendant acted with malice and/or reckless indifference to, and disregard for, Plaintiff's federally protected rights under federal and state laws;

C. That Plaintiff be awarded damages, including but not limited to, damages equal to her regular pay and lost employment benefits, and interest from the dates when such amounts would have been paid until such time as judgment in this case is rendered;

D. That Plaintiff be awarded front pay commensurate with an amount equal to her salary and all employee benefit plans which would have accrued if her employment had not been wrongfully interrupted;

E. That Plaintiff be awarded compensatory damages in an amount to compensate her for

her past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

F. That Plaintiff be awarded punitive damages on account of Defendant's malicious and/or reckless and callous indifference to Plaintiff's federally protected rights;

G. That Plaintiff be awarded her costs of maintaining this action, including reasonable attorneys' fees, pursuant to federal and state laws; and

H. That Plaintiff be awarded such other relief as this court deems just and equitable to effectuate the purposes of relevant federal and state laws.

## COUNT III
## FAILURE TO MAKE REASONABLE ACCOMMODATIONS

32. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 31 above, as though fully set forth herein.

33. Plaintiff suffered challenges with her vision; unimpaired vision is necessary as a bus driver.

34. Plaintiff is not the first, nor the only employee to have vision challenges, or other health challenges, that could affect her ability to drive a bus.

35. During Plaintiff's tenure as an employee of Defendant, other similarly situated employees were promoted, hired, or transferred to other positions to make reasonable accommodation for their disabilities or other health issues.

36. Plaintiff was not promoted or transferred to another position to make reasonable accommodation for her disabilities—she was terminated.

37. Since at least September 2006, Defendant has engaged in unlawful employment practices, in violation of Title I of the Americans with Disability Act.

38. These unlawful employment practices include but are not limited to, the

following:

(a) subjecting Plaintiff to different terms and conditions of employment by failing to promote, transfer or retrain Plaintiff for other employment positions available with Defendant; and

(b) retaliating against Plaintiff by terminating her because she complained to Defendant about the harassment and/or discriminatory treatment she encountered in the workplace due to her disabilities.

39. The practices complained of above have deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her disabilities and her participation in conduct protected by Title I of the Americans with Disability Act.

WHEREFORE, plaintiff, Bonjour K. Plaintiff, respectfully requests that this court enter judgment in her favor and against defendant, Chicago Transit Authority, as follows:

A. That a finding be entered that Defendant intentionally terminated Plaintiff in retaliation for her disclosures regarding her health issues, and her request for reasonable medical accommodations, in violation of the ADA;

B. That a finding be entered indicating that Defendant acted with malice and/or reckless indifference to, and disregard for, Plaintiff's federally protected rights under federal and state laws;

C. That Plaintiff be awarded damages, including but not limited to, damages equal to her regular pay and lost employment benefits, and interest from the dates when such amounts would have been paid until such time as judgment in this case is rendered;

D. That Plaintiff be awarded front pay commensurate with an amount equal to her salary

and all employee benefit plans which would have accrued if her employment had not been wrongfully interrupted;

E. That Plaintiff be awarded compensatory damages in an amount to compensate her for her past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

F. That Plaintiff be awarded punitive damages on account of Defendant's malicious and/or reckless and callous indifference to Plaintiff's federally protected rights;

G. That Plaintiff be awarded her costs of maintaining this action, including reasonable attorneys' fees, pursuant to federal and state laws; and

H. That Plaintiff be awarded such other relief as this court deems just and equitable to effectuate the purposes of relevant federal and state laws.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by her Third Amended Complaint.

Respectfully submitted,

BONJOUR K. MACK,

By: /s/ Kenneth M. Battle
    One of Her Attorneys

Kenneth M. Battle
Winnefred A. Monu
Jessica Gomez-Feie
O'CONNOR & BATTLE LLP
20 N. Clark St., Suite 1600
Chicago, Illinois 60602
(312) 786-4600
kbattle@mokblaw.com

## **CERTIFICATE OF SERVICE**

      I, Kenneth M. Battle, an attorney, certify that a copy of the attached instrument was served via electronic case filing to all parties of record, on this 1st day of March, 2019.