IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BONJOUR MACK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 6908 |
| CHICAGO TRANSIT AUTHORITY, | ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bonjour Mack, a former bus driver for CTA, alleges that she has disabilities in the form of visual impairment and mental health challenges. Ms. Mack states that she asked for and was denied a reasonable accommodation for her disability, that CTA discriminated against her based on her disability, and that she was terminated in retaliation for seeking an accommodation. CTA moved to dismiss the complaint for failure to state a claim upon which relief may be granted. Because Ms. Mack does not allege that she was a qualified individual with a disability, either for her position as a bus driver or for any vacant position with CTA, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Bonjour Mack was a bus driver for CTA from September 2006 until she was terminated from her position in December 2014. Ms. Mack alleges that at various times throughout her employment, she "experienced disabilities in the form of visual impairment and mental health challenges that required medical treatment." Third Amended Complaint ("TAC") ¶ 9. She states that she "suffered challenges with her vision" and that "unimpaired vision is necessary as a bus driver." *Id.* ¶ 33. Ms. Mack avers that CTA "had a practice of placing its bus drivers who could no longer drive into other available positions within the company," *id.* ¶ 30, and that she "asked for reasonable accommodations for her disabilities, such as a transfer to a different or vacant position,

to no avail," *id.* ¶ 11. Her request for an accommodation was denied, and instead she was subject to "negative backlash and punishment" from her supervisors, including mandatory meetings before her shift and verbal and written warnings for infractions that did not occur or were only sporadically enforced. *Id.* ¶ 12. Ms. Mack also alleges that CTA sent her a letter on September 4, 2014 stating that she could request a one-year extension of her inactive status by providing medical documentation to CTA by December 8, 2014. *Id.* ¶ 16. Ms. Mack states that she provided her medical documentation on December 8 but, nevertheless, CTA sent her a termination letter dated December 9, 2014. *Id.* ¶¶ 17-18. Ms. Mack filed a charge of discrimination on August 11, 2015, ECF No. 66-1, and received a right to sue letter on June 26, 2017, TAC ¶ 3. Ms. Mack alleges that CTA failed to accommodate her disability, discriminated against her on the basis of her disability, and retaliated against her for seeking an accommodation.[1]

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In ruling on a motion to dismiss under Rule

---

[1] The TAC also purports to set forth claims under 42 U.S.C. § 1981 and § 1983. Ms. Mack did not address these claims in her response to CTA's motion to dismiss and, accordingly, has waived them. *See, e.g.*, *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("a person waives an argument . . . where a party fails to develop arguments related to a discrete issue . . . [or] where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss").

12(b)(6), a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations. *Id.* at 680-82.

As an initial matter, the proper scope of a judicial proceeding following an EEOC charge "is limited by the nature of the charges filed with the EEOC. An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). A plaintiff may bring only claims that were included in the EEOC charge or are "reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011) (alteration in original).

In the TAC, Ms. Mack brings claims of disability discrimination and retaliation, but she did not mention retaliation in her 2015 EEOC charge. While courts do not consider retaliation charges to be reasonably related to discrimination claims as a general matter, *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 565 (7th Cir. 2019), they may be reasonably related when "the EEOC charge and the complaint . . . at minimum, describe the *same conduct* and implicate the *same individuals.*" *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). Neither Ms. Mack's complaint nor her EEOC charge, however, describes any particular individuals or their specific conduct. Her EEOC charge states simply: "During my employment, I requested a reasonable accommodation, which was not provided. On or about December 9, 2014, I was discharged." EEOC Charge, ECF No. 66-1. The Court cannot say that her retaliation claim is reasonably related to or grows out of her disability claim because of the absence of facts supporting those claims. *See, e.g.*, *Cervantes*, 914 F.3d at 565 (discrimination and retaliation claims involving "the same entity (Ardagh), the same conduct (his discipline and demotion), and the same time frame (his tenure at Ardagh)" were

3

similar "at far too high a level of generality" to be reasonably related). Because a plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge, claims that were not exhausted must be dismissed.[2] *See Reynolds v. Tangherlini*, 737 F.3d 1093, 1100-01 (7th Cir. 2013) (employee failed to exhaust administrative remedies on retaliation claims that were not reasonably related to discrimination claims in EEOC charge); *Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) (dismissal was proper for retaliation claim not reasonably related to discrimination claim). Accordingly, Ms. Mack's retaliation claim is not considered to be part of her EEOC charge, has not been administratively exhausted, and must be dismissed.

As to Ms. Mack's disability discrimination and failure to accommodate claims, to "make out a claim under the ADA, an individual must show: (1) that she is disabled; (2) that she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer took an adverse job action against her because of her disability or failed to make a reasonable accommodation." *Stevens v. Ill. Dep't. Transp.*, 210 F.3d 732, 736 (7th Cir. 2000). CTA avers that Ms. Mack has not sufficiently alleged that she is a qualified individual with a disability because she "does not describe how her visual impairment and mental health challenges impacted her major life activities" and she has not "alleged that she could have performed the essential functions of her CTA bus operator position or the essential functions of a position she desired." Mem. Supp. MSJ at 8-9, 12, ECF No. 66. With respect to Ms. Mack's pleadings regarding her disability, she must allege that she has "a physical or mental

---

[2] While the proper resolution for failure to exhaust administrative remedies is dismissal without prejudice, *see Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989), at this juncture Ms. Mack's retaliation claim stemming from her 2014 termination would be time-barred, and therefore the effect of the dismissal is with prejudice.

impairment that substantially limits one or more major life activities" such as "seeing, hearing, eating, sleeping, walking . . . and working," has a record of such an impairment, or was regarded as having such an impairment. 42 U.S.C. § 12102.

Ms. Mack states in her complaint that she has disabilities in the form of visual impairment and mental health challenges, but she states only that her impairments required her to take occasional time off for medical treatment, rather than specifically alleging how her disabilities limit her major life activities. *See* TAC ¶ 10. Failure to plead how an impairment substantially limits a major life activity is grounds for dismissal.[3] *See, e.g.*, *Fedor v. Ill. Dep't Emp't Sec.*, 955 F. Supp. 891, 893 (N.D. Ill. 1996) ("Although plaintiff contends that the IDES aggravated his symptoms, he never states that his impairment substantially limits a major life activity such as working, which he must do to plead disability discrimination under the ADA."). Ms. Mack, however, supplements the allegations of the TAC by stating in her response brief that "she is substantially limited in the major life activities of seeing, driving, reading, discerning street signs, distinguishing peoples' faces and working." Resp. MTD at 7, ECF No. 69. Although as a general rule, "the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012), courts may consider additional facts set out in a brief in opposition to a motion to dismiss that are not inconsistent with the allegations of the complaint. *See, e.g.*, *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). Ms. Mack's

---

[3] Under "liberal federal notice pleading standards, plaintiff sufficiently pleaded ADA claim by alleging that she suffered from chronic severe allergic rhinitis and sinusitis which substantially impaired her ability to breathe" or by alleging "that he suffered from a psychiatric illness and was diagnosed as a manic depressive and that the defendant-employer was aware of that diagnosis and regarded him as disabled and substantially limited in major life activities." *Mattice v. Mem'l Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (first citing *Homeyer v. Stanley Tulchin Assoc., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996)), and then citing *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1059 (7th Cir. 1998)).

assertions in her brief are not inconsistent with the TAC, and drawing all reasonable inferences in Ms. Mack's favor, it is likely that her visual impairment substantially limits her major life activity of seeing. Even if Ms. Mack properly alleges facts regarding her disability, however, her ADA claims must fail because she does not allege that she was a qualified individual, either for her position as a bus driver or for a vacant position with CTA.

"Because disability, unlike race, can often be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1014 (N.D. Ill. 2009). Unlike other employment discrimination claims, in which a plaintiff may satisfy Rule 8 by pleading only "I was turned down for a job because of my race," *id.* at 1013, in the ADA context simply pleading that one is a qualified individual with a disability is "precisely the type of conclusory, formulaic assertion that was disapproved of by *Twombly*," *id.* at 1011. Here, Ms. Mack does not allege that she was qualified to perform the essential functions of her position as a bus driver; indeed, she avers that bus drivers must have unimpaired vision, but she has a visual impairment. *See* TAC ¶ 33. Because Ms. Mack does not state facts regarding her ability to perform her job's essential functions, she has not properly stated a disability discrimination claim under the ADA. *See, e.g.*, *Bradley v. Tool Masters*, No. 10-CV-50194, 2010 WL 4875642, at *1 (N.D. Ill. Nov. 23, 2010) ("Plaintiff states that he was ultimately let go because he could not run the machine and his employer had no other work for him. This is not sufficient to state a claim under the ADA as required by the federal notice pleading standards because plaintiff has failed to allege that he is a qualified person with a disability."); *Jackson v. City of Chicago*, 521 F. Supp. 2d 745, 748 (N.D. Ill. 2007) ("In light of . . . the complaint's silence concerning plaintiff's ability to perform any

essential functions of the job, I cannot conclude that plaintiff has sufficiently alleged a claim under the ADA.")

Ms. Mack also alleges that she requested an accommodation, including a transfer to another position. While an employer "need not create a new job or strip a current job of its principal duties to accommodate a disabled employee," *Gratzl v. Office of Chief Judges of 12th, 18th, 19th, and 22nd Judicial Circuits*, 601 F.3d 674, 680 (7th Cir. 2010), an employer may be required to "appoint employees with disabilities to vacant positions for which they are qualified, provided that such accommodations would be ordinarily reasonable and would not present an undue hardship to that employer." *EEOC v. United Airlines, Inc.*, 693 F.3d 760, 761 (7th Cir. 2012). Ms. Mack alleges that she requested transfer to a vacant position prior to her termination. *See* TAC ¶¶ 11, 18, 36. She has not alleged, however, that she was qualified for another position that was vacant (indeed, she has not identified any positions that were vacant). "According to 29 C.F.R. § 1630.2(m), an individual is qualified if they have the necessary skill, experience, education, and other requirements of the position they *hold or desire*." *Winkfield v. Chi. Transit Auth.*, No. 19-CV-1721, 2020 WL 405647, at *3 (N.D. Ill. Jan. 24, 2020) (emphasis in original). Just as Ms. Mack does not allege that she was a qualified individual with respect to her position as a bus driver, she does not plead any facts as to her qualifications for another position with CTA.[4] *Compare id.*

---

[4] In reviewing Ms. Mack's *pro se* First Amended Complaint, the Seventh Circuit found that "[w]ith the benefit of liberal construction, Mack's complaint seems to allege that the CTA could have accommodated her disability by transferring her to a vacant position . . . [especially] in light of her doctor's opinion that she 'may be able to work' in a non-driving capacity." *Mack v. Chi. Transit Auth.*, 732 Fed. App'x 480, 481 (7th Cir. 2018). In the Third Amended Complaint, however, even with the benefit of counsel, Ms. Mack does not include any allegations about her ability to work in another capacity or whether the CTA had any vacant positions she had the ability to perform, which is required to state a claim under the ADA. While it is conceivable that Ms. Mack could perform the duties of another position with or without accommodation, and that there was an available vacancy in such a position, she has alleged no facts whatsoever to push her failure to accommodate claim "across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570.

("Winkfield alleges that she was able to perform all the essential functions of her inside shop job for the last fourteen years and continues to be able to perform said functions. Further, she provided verification from a CTA physician clearing her to work inside without restrictions. Accordingly, Winkfield has sufficiently alleged that she is a qualified individual under the ADA."), *with Madonia v. S 37 Mgmt., Inc.*, No. 14-CV-628, 2014 WL 4057430, at *2 (N.D. Ill. Aug. 14, 2014) ("[Plaintiff] has adequately pled that she is disabled, but she fails to allege that she could do the job with the four-day week accommodation. Since this is a necessary allegation to support an ADA claim, she needs to allege specifically that she can perform the essential functions of the job with the accommodation."). Because Ms. Mack has not alleged that she was a qualified individual for any position with CTA, her disability discrimination and failure to accommodate claims fail. As Ms. Mack fails to state a claim upon which relief may be granted, CTA's motion to dismiss is granted.

* * * * *

For the foregoing reasons, the defendant's motion to dismiss is granted. Because it may be possible for Ms. Mack to cure the deficiency as to her failure to accommodate claim with additional pleading, the dismissal is without prejudice and Ms. Mack is granted leave to file a Fourth Amended Complaint on or before July 24, 2020. Absent timely filing of a further amended complaint, the case will be dismissed with prejudice.

Date: June 22, 2020

John J. Tharp, Jr.
United States District Judge

8