IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONJOUR MACK, | |
| Plaintiff, | |
| v. | No. 17-cv-06908 |
| | Judge Franklin U. Valderrama |
| CHICAGO TRANSIT AUTHORITY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bonjour Mack (Mack), a former bus driver for Defendant Chicago Transit Authority (CTA), alleges that she has disabilities in the form of a visual impairment and mental health challenges that required medical treatment. Mack filed suit against CTA alleging that she requested and was denied a reasonable accommodation for her disabilities, in violation of the American with Disabilities Act, 42 U.S.C. §12101, *et seq.* (the ADA). CTA moved to dismiss the Fourth Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 81, Mot. Dismiss. For the reasons that follow, CTA's motion to dismiss is denied.

## Background

Mack was a bus driver for CTA from September 2006 until she was terminated from her position in December 2014. R. 78, Fourth Amended Complaint (FAC) ¶¶ 8, 21. During the course of her employment, Mack experienced disabilities in the form of a visual impairment and mental health challenges that required medical

treatment. *Id.* ¶ 9.[1] Mack alleges that she suffered challenges with her vision, and unimpaired vision is necessary as a bus driver. *Id.* ¶ 29. Mack further alleges that at unspecified times, she provided medical records to CTA and requested a reasonable accommodation in the form of a transfer to a different or vacant position to no avail. *Id.* ¶ 12. Instead of transferring Mack to a different or vacant position, Mack received "negative backlash" and punishment from her supervisors. *Id.* ¶ 14. On September 4, 2014, CTA sent Mack a letter stating that she could request a one-year extension of her inactive status by providing medical documentation to CTA by December 8, 2014. *Id.* ¶ 18. The letter made no mention of Mack's request for reasonable accommodations. *Id.* Mack submitted her medical documentation to CTA on December 8, 2014. *Id.* ¶ 19. On December 9, 2014, CTA mailed Mack a termination letter. *Id.* ¶ 21.

On September 25, 2017, Mack first filed a multi-count Complaint against CTA alleging, among other things, that CTA violated the ADA. R. 1. The Complaint has since been amended. On July 24, 2020, Mack filed her Fourth Amended Complaint against CTA consisting of one count for failure to accommodate in violation of the ADA. CTA moves to dismiss Mack's FAC pursuant to Rule 12(b)(6).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811,

---

[1]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Discussion

The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" constitutes discrimination under the ADA, unless the employer can demonstrate that accommodation would impose an "undue hardship." *Id.* § 12112(b)(5)(A); *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 241 (7th Cir. 2018). To state a failure to accommodate claim under the ADA, an individual must allege that: (1) she is a qualified individual with a disability; (2) her employer was aware of her disability;

3

and (3) the employer failed to reasonably accommodate her disability. 42 U.S.C. § 12111–12; *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). CTA argues that that Mack fails to adequately allege each element of a failure to accommodate claim. The Court addresses each argument in turn.

## I. Qualified Individual with a Disability

CTA first argues that Mack fails to sufficiently plead that she is a qualified individual with a disability under the ADA. The Court agrees with Mack that, at this stage, she has adequately pled facts to satisfy this element of her ADA claim.

## A. Mack's Disability

The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). An impairment substantially limits a major life activity when a person "is either unable to perform a major life activity or is significantly restricted as to the condition, manner or duration under which the individual can perform the major life activity as compared to the average person in the general population." *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir. 2001) (internal citations and quotations omitted).

CTA contends that Mack fails to sufficiently plead her disability, as she does not clearly allege the nature of her disability nor the extent of her impairment. R. 82, Def.'s Memo at 4; R. 86, Def.'s Reply at 3. As to the former, CTA argues that Mack fails to identify what her "mental challenges" were and how they substantially limited a major life activity. Def.'s Memo at 4; Def.'s Reply at 3. As to the latter, CTA contends that Mack does not describe when or how long she experienced "visual impairment" or "mental health challenges." Def.'s Memo at 5; Def.'s Reply at 3. Conversely, Mack maintains that she has sufficiently pled a disability under the ADA, because the Complaint alleges that she suffered from disabilities in the form of a visual impairment, specifically, progressive dystrophy of the retina of the left eye, and mental challenges that required medical treatment. R. 84, Pl.'s Resp. at 3.

Mack asserts that, at this juncture, she is not required to prove her case or even offer evidence to support her claim that her visual and mental health disabilities are considered disabilities under the ADA. Pl.'s Resp. at 4 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Furthermore, Mack contends that her pleading is sufficient under the ADA Amendments Act, which requires courts to construe disability broadly. *Id.* (citing 29 C.F.R. § 1630.1(c)(4)). CTA counters that *Tamayo* does not support Mack's contention that she need not adduce evidence of her visual and mental impairments, because *Tamayo* did not address the minimum pleading requirement under the ADA. Def.'s Reply at 3–4. Indeed, CTA argues that Mack misunderstands basic pleading requirements, as her Complaint merely parrots the statutory language and fails to provide basic information as to when or how often

5

during her more than eight years of employment with CTA she suffered visual or mental health challenges. *Id.* at 4.

The Court finds, in viewing the allegations as true (as it must), that Mack has adequately pled that her vision impairment constitutes a disability under the ADA. Her allegations about her mental health challenges, however, fall short of satisfying the minimum pleading standard. Mack alleges that at various times throughout her tenure as a CTA employee, her physical and mental impairments affected various major life activities, specifically her ability to drive, see, and work. FAC ¶ 10. Nowhere in her Complaint, however, does Mack allege *how* her mental health challenges impaired her ability to work or drive. As such, Mack has not sufficiently alleged that her mental health challenges constitute a disability under the ADA. *See, e.g., Prince v. Illinois Dep't of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010) (amended complaint did not explain "how, or whether [plaintiff's] various medical conditions substantially limit[ed] his major life activities" and as such did not adequately allege a disability under the ADA).

On the other hand, Mack connects the dots between her vision impairment and her ability to work: "unimpaired vision is necessary as a bus driver." FAC ¶ 29. Such a statement seems hard to dispute, but still the CTA wants more: it argues that she fails to allege a disability, because she fails to allege the "relevant dates and extent of her alleged visual impairment, such as the frequency, duration, severity, or resulting medical conditions." Def.'s Memo at 5. This argument falls flat. This is not a fraud claim that requires pleading with particularity. Rather, Mack must only plead

enough to put CTA on notice as to how her vision impairment limited her major life activities. *See, e.g.*, *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 2005 WL 8163034, at *7 (C.D. Ill. Apr. 19, 2005) (rejecting defendants' argument that the plaintiff must allege "the extent of her disabling condition under the ADA" in her complaint). And the relevant issue under the ADA is not the length or frequency of an impairment, but rather whether the impairment "substantially impaired a major life activity when [it] occurred." *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1173 (7th Cir. 2013) (citing 29 C.F.R. Pt. 1630, App. at Section 1630.2(j)(1)(vii)). By alleging episodes of vision impairment that impacted her ability to drive, Mack has sufficiently alleged that her vision impairment qualifies as a disability under the ADA.

### B. Qualified to Perform Essential Functions of Position

CTA argues that even if the Court finds that Mack adequately alleges a disability, Mack still fails to adequately plead an ADA claim, because her own pleadings contradict and undermine her claim. Def.'s Memo. at 5; Reply at 4–5. CTA points out that Mack alleges that, despite her vision challenges, she could "perform all the essential activities of her position with or without a reasonable accommodation" but also contradicts herself by alleging that "unimpaired vision is necessary for a bus driver." Def.'s Memo. at 5 (citing FAC ¶¶ 10, 29.) Mack responds that her Complaint does not contradict itself. Mack argues that she does not allege that she is qualified to work as a bus driver, but rather that she is qualified to work in any number of other positions that she should have been reassigned to. Pl.'s Resp.

7

at 5. Reassignment to a vacant position, submits Mack, is a reasonable accommodation for an individual who, because of her disability, can no longer perform the essential functions of her position. *Id.* (citing *Fortino v. Vill. of Woodridge*, 2018 WL 1695363, at \*4 (N.D. Ill. Apr. 7, 2018)). The Court finds CTA's alternative argument unavailing. The essence of Mack's Complaint is not that she is qualified to work as a bus driver, but rather that she is qualified to work in a number of other positions that she could have been reassigned to. As discussed below, *infra* Section III, under the ADA, "the employer's duty reasonably to accommodate a disabled employee includes reassignment of the employee to a vacant position for which she is qualified." *Dalton v. Subaru-Isuzu Auto., Inc.*, 141 F.3d 667, 677 (7th Cir. 1998) (citing 42 U.S.C. § 12111(9)(B)).

CTA also contends that Mack's allegation that she was "qualified to perform" the duties of a different position with or without a reasonable accommodation are conclusory, and as such, fail to satisfy the "qualified individual" element of a claim brought under the ADA. In order to be qualified, an employee must allege that she: "(1) satisf[ies] the legitimate prerequisites for that alternative position, and (2) [is] able to perform the essential functions of that position with or without reasonable accommodations." *Dalton*, 141 F.3d at 678. Although CTA correctly points out that Mack's Complaint is devoid of any details about the specifics of her ability to satisfy the prerequisites for, and perform the essential functions of, an alternative position, it does not defeat Mack's claim. She also alleges that she provided notice of her disability to CTA and "requested that she be given a reasonable accommodation[] in

8

the form of a transfer to a different or vacant position," and in response, CTA employees harassed Mack and eventually terminated her. FAC ¶¶ 12–21. Mack's allegations about CTA's response to her request to transfer to another position is sufficient to allege not only that CTA "fail[ed] to engage in the interactive process" but also "prevent[ed] identification of an appropriate accommodation for a qualified individual," which is a basis for liability. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1062 (7th Cir. 2014) (internal citations and quotations omitted). By alleging that she was qualified to perform the duties of another position with or without reasonable accommodations, and that CTA harassed and terminated her instead of discussing an alternative position, Mack has sufficiently alleged that she was a qualified individual.

## II.    CTA's Awareness of Disability

Next, CTA argues that Mack fails to sufficiently plead that CTA was aware of her alleged disability. CTA asserts that, contrary to Mack's conclusory allegations, it was not aware of Mack's alleged disabilities nor can it discern what disabilities Mack is claiming during her employment with CTA. Def.'s Memo. at 6. As for Mack's reference to a doctor's note allegedly provided to CTA, FAC ¶ 11, as well as "proper medical records," *id.* ¶ 12, CTA argues that Mack fails to state to whom she gave these documents, what the medical records consisted of, and when such documents were provided to CTA. Def.'s Memo. at 7. Mack did not respond to this argument. CTA replies that Mack's failure to respond to this argument operates as a waiver or

forfeiture of the argument. Def.'s Reply at 6 (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)).

The Court, notwithstanding Mack's failure to address this argument, is somewhat perplexed by CTA's contention. CTA does not, nor could it, argue that Mack's Complaint is devoid of allegations that she informed CTA about her alleged disability. Indeed, CTA acknowledges that Mack alleges that "a doctor's note" and "medical records" were provided to CTA. Def.'s Memo. at 6–7. That, however, is not enough for CTA. Rather, CTA maintains, without citation to any authority, that Mack is required to allege to whom she supposedly gave the documents, what the medical records consisted of, and when said documents were allegedly provided to CTA. The Court disagrees. At this juncture, Mack is not required to plead evidence. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014); *see also King v. Nw. Cmty. Hosp.*, 2010 WL 1418581, at *5 (N.D. Ill. Apr. 7, 2010) (rejecting defendant's contention that plaintiff must plead specific details supporting each element of her ADA claim and noting that "evidence can be presented at the summary judgment stage").

Turning to CTA's waiver argument, the Court finds no evidence of waiver. Waiver is the intentional relinquishment of a known right. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 fn.1 (7th Cir. 2011). The other side of the waiver coin is "forfeiture." Forfeiture is the result of the unintentional relinquishment of a right. *Id.* Mack's failure to address CTA's argument is more appropriately considered forfeiture. While forfeiture bars Mack from contesting this point, it does not require the Court to

dismiss Mack's Complaint where it adequately alleges that CTA was aware of Mack's disability. *Id.* at 722. Whether in fact, Mack informed CTA of her disability is a battle to be fought another day.

### III.    Reasonable Accommodation

Lastly, CTA argues that Mack fails to plead sufficient facts that CTA failed to reasonably accommodate her alleged disability. Specifically, CTA asserts, among other points, that Mack fails to sufficiently identify any specific vacancy or allege that she was qualified for another position at CTA. Def.'s Memo. at 8; Def.'s Reply at 6–7. Moreover, CTA asserts that Mack must allege that she was qualified for a vacant position with CTA, and she failed to do so. Def.'s Reply at 6–7 (citing *Jackson v. City of Chicago*, 414 F.3d. 806, 813 (7th Cir. 2005)).

Mack retorts that employers and employees are legally obligated to engage in the interactive process, which requires employers to make reasonable efforts to determine the appropriate accommodation. Pl.'s Resp. at 7. Mack maintains that she pled that she requested a reasonable accommodation and this was enough to trigger the interactive process. *Id.* Next, Mack insists that she identified vacant positions that she was qualified to perform. *Id.* at 8.

Under the ADA, an employer must make "'reasonable accommodations' to a disabled employee's limitations, unless the employer can demonstrate that to do so would impose an 'undue hardship.'" *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 802 (7th Cir. 2010) (quoting 42 U.S.C. § 12112(b)(5)(A)). An employer, however, does not need to create a new job or strip a current job of its principal duties in order to

accommodate a disabled employee. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 819 (7th Cir. 2004). "To survive a motion to dismiss, a plaintiff must provide some factual basis demonstrating a vacant position exists for which the plaintiff is qualified." *Platt v. Chicago Transit Auth.*, 2019 WL 5393995, at *5 (N.D. Ill. Oct. 22, 2019) (citations omitted).

As a preliminary matter, CTA does not cite, nor is the Court aware of any authority supporting the proposition that in an ADA failure to accommodate case, the plaintiff must plead how she made the request for an accommodation or to whom she made the request. In the absence of any authority on this point, the Court finds the argument undeveloped. As such, the Court will not consider this argument. *See Alioto*, 651 F.3d at 722.

As for CTA 's contention that Mack's Complaint is deficient because Mack does not allege that she was qualified for a vacant position with CTA, as explained above, the Court disagrees. *See supra* Section I.B. In her Complaint, Mack alleges that at all relevant times, there were vacant positions available that she could easily perform. FAC ¶ 34. Mack identifies the vacant positions and provides the job description for each vacant position. *Id.* She alleges that CTA not only was unresponsive to her request to be assigned to one of these positions, but also that CTA harassed her in response to her requests. This negative response prevented CTA from determining which of these vacant positions could have constituted an appropriate accommodation for Mack. *Spurling*, 739 F.3d at 1061–62. The Court finds that the Complaint, when read in the light most favorable to Mack, accepting all well-pleaded facts alleged, and

drawing all possible inferences in Mack's favor, plausibly states a cause of action for failure to accommodate. As such, the motion to dismiss is denied.

## IV. Punitive Damages

In her Complaint, Mack seeks punitive damages, among other things, against CTA. CTA, in turn, moves to strike Mack's request for punitive damages, asserting that municipal corporations, such as CTA, are immune from punitive damages. Def.'s Memo. at 9–10 (citing *Planned Parenthood Ass'n/Chicago Area v. Chicago Transit Auth.*, 767 F.2d 1225, 1233–34 (7th Cir. 1985), among several other cases). Mack fails to address this argument in her Response. No matter, as CTA is correct. The ADA does not allow for punitive damages against a government agency, such as CTA. *Jenkins v. Chicago Transit Auth.*, 2017 WL 3531520, at *4 (N.D. Ill. Aug. 17, 2017).

## V. Conclusion

For the foregoing reasons, Defendant CTA's motion to dismiss the Fourth Amended Complaint is denied. CTA's motion to strike Mack's request for punitive damages is granted. CTA has until December 4, 2020 to answer the Fourth Amended Complaint. Case is set for telephonic status hearing on January 20, 2021 at 9:30 a.m.

Franklin U. Valderrama
United States District Judge

DATED: November 6, 2020