IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONJOUR MACK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 17-cv-06908 |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | Honorable John J. Valderrama |
| ) | Magistrate Judge Maria Valdez |
| Defendants. ) | |
| ) | |
| ) | |

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

**NOW COMES** CHICAGO TRANSIT AUTHORITY by and through its undersigned counsel, MARTIN P. GREENE and MICHAEL A. CARLIN of ZUBER LAWLER LLP, and prays this Honorable Court enforce the settlement agreement between the parties. In support of its Motion Defendant, states as follows:

1. On January 16, 2019, Kenneth M. Battle and Winnefred Monu filed an attorney appearance (hereinafter "O'Connor & Battle LLP") on behalf of Plaintiff.

2. On July 24, 2020, Plaintiff, Bonjour Mack, (hereinafter, "Plaintiff") filed a Fourth Amended Complaint. (*Dkt. 78*).

3. On February 16, 2021, Martin P. Greene of ZUBER LAWLER LLP filed his appearance on behalf of Defendant. (*Dkt. 107*). Michael A. Carlin filed his appearance on behalf of Defendant on January 7, 2022 (*Dkt. 127*).

4. On February 22, 2022, the Parties took part in a settlement conference before Magistrate Judge Valdez. By the conclusion of the conference, the parties had reached an oral settlement agreement with the

assistance of Magistrate Judge Valdez. The Magistrate Judge provided the parties with a settlement checklist to be completed by the parties and submitted to her by February 23, 2022.

5. On February 23, 2022, the parties each completed the settlement checklist and e-mailed it to the Magistrate Judge. The settlement checklist reflected that a written settlement agreement ("long form") would follow. However, the settlement checklist also stated that the document contained the material terms of the parties' agreement and that the settlement was binding and effective as of February 23, 2022. A true and correct copy of the settlement checklist is attached to the Declaration of Michael Carlin as Exhibit A.

6. On February 25, 2022, Defense counsel's paralegal emailed the long form agreement to Plaintiff's counsel along with an IRS Form W-9.

7. On March 9, 2022, Plaintiff's counsel, Ken Battle emailed Defendant's counsel a list of changes requested by the Plaintiff to the long form settlement agreement, stating, "Ms. Mack feels that the settlement amount was unfair and inappropriate, she should have the right to pursue other issues that may have been omitted directly or indirectly. Ms. Mack is only being compensated for 'wages.' Therefore if she chooses to seek justice in other areas, she may do so."

8. The changes to the settlement agreement requested by Ms. Mack would render the settlement ineffective at releasing her claims and would be contrary to the terms of the parties' oral settlement agreement memorialized in the February 23, 2022 settlement checklist.

9. Mr. Battle and Defendant's counsel, Michael Carlin, discussed the long form settlement document further on March 9, 2022 and March 18, 2022. However, based on those discussions, it became apparent that enforcement of the parties' oral settlement would be necessary.

10. On March 28, 2022, the parties filed a *Status Report Re Status of Settlement.* (*Dkt. 135*). On April 04, 2022, Hon. Magistrate Valdez advised Defendant's counsel that if Defendant desired a hearing to enforce the settlement agreement that Defendant should file a motion. (*Dkt. 136*).

11. Under Illinois law, an oral settlement agreement is enforceable "where there is offer, acceptance, and a meeting of the minds as to the terms agreed upon." *Lewis v. Sch. Dist. #70*, 648 F.3d 484, 486 (7th Cir. 2011). In *Lewis* the court enforced a settlement similar to the one here. The plaintiff in *Lewis* attended a settlement conference and reached a settlement with the defendant. *Lewis*, 648 F.3d at 486. A memorialization of the settlement agreement was prepared shortly after the conference. *Id.* However, the plaintiff refused to execute the long form settlement agreement. *Id.* On appeal, the court affirmed the trial court's ruling that the parties oral agreement at the settlement conference was enforceable and affirmed the trial court's subsequent dismissal of the action. *Id.* at 489. Here, as in *Lewis*, the parties reached an oral settlement agreement on February 22, 2022. Magistrate Judge Valdez stated in a minute order immediately following the settlement conference "Settlement conference held on 2/22/22, and a binding settlement was reached." (*Dkt* 131).

12. Plaintiff conveyed her acceptance of the material terms of the settlement in this matter on at least two occasions. Plaintiff agreed to the amount

stated in Exhibit A at the February 22 settlement conference and memorialized that agreement when her attorney executed the settlement checklist on February 23. At the settlement conference Plaintiff agreed that she would dismiss her case in exchange for the amount stated in Exhibit A and, again, memorialized that agreement when her attorney executed the settlement checklist. The settlement checklist states "PARTIES REPRESENT THAT THEY HAVE FULL AUTHORITY TO ENTER INTO THE SETTLEMENT AGREEMENT AND AGREE THAT ALL OF THE ABOVE REPRESENTS THE MATERIAL TERMS OF SETTLEMENT." Although Plaintiff later disagreed with some of the language in the proposed long form release, her disagreements are contrary to her acceptance of the material terms of the settlement. Thus, to the extent that Plaintiff can articulate any disagreements with the release, such disagreements are, immaterial because there is no dispute that Plaintiff agreed to the material terms of settling her case for the amount reflected in the settlement checklist executed by the parties' counsel on February 23, 2022. *See Fernandez v. Stack*, No. CIV.03-4846 JAP, 2008 WL 750548, at *2 (D.N.J. Mar. 19, 2008) ("here there is no dispute that the parties reached an agreement-in-principle as to all material terms of the settlement agreement, and Plaintiff cannot now renege on his promise by refusing to execute the written agreement"); *Seah v. Tek,* No. 09-CV-2034, 2009 WL 2849125, at *1–2 (C.D. Ill. Aug. 31, 2009)*; C.f. Wilson v. Wilson*, 46 F.3d 660, 666–67 (7th Cir.1995) (unresolved immaterial terms do not prevent meeting of the minds).

        13.     Mack's position that the settlement should only extinguish her claim for wages and that she should be allowed to pursue other claims is directly

contrary to the Parties' agreement.[1]  Plaintiff's attempt to unwind the settlement and to continue this litigation by pursing claims other than lost wages against CTA, if permitted, would result in a waste of the Parties' resources and this Court's resources, especially considering the time that Magistrate Judge Valdez took to oversee a successful settlement conference. There is a strong policy in favor of settlement and the resulting avoidance of costly and time-consuming litigation.  *See Airline Stewards & Stewardesses Ass'n, Loc. 550 v. Am. Airlines, Inc.*, 573 F.2d 960, 963 (7th Cir. 1978). Courts retain the inherent power to enforce settlement agreements reached in litigation pending before them.

14. Defendant is entitled to an end to this litigation according to the terms of the settlement that were previously agreed to by both sides. Plaintiff has no right to look to Defendant for anything more what is included in the terms of the settlement agreement.

15. For the foregoing reasons Defendant requests that this Court enforce the Parties' oral settlement agreement according to the terms reflected in the February 23, 2022 settlement checklist, and enter an order that the Parties be bound by those terms. Defendant also requests that the Court order Plaintiff to execute an IRS Form W-9 so that it can issue payment to Plaintiff within 30 days of receipt of her executed W-9 and requests that this matter be dismissed with prejudice within 60 days of entry of the order enforcing the parties' settlement.

---

[1] Plaintiff's position that the settlement only covers wages is also indefensible considering that she was on an unpaid leave due to being unable to commercially drive a vehicle at the time of her termination and the parties settlement checklist reflected that she would receive a 1099, not a W-2, for the settlement payment.

Dated: April 22, 2022

                                                Respectfully Submitted,

                                                */s/ Martin P. Greene*

Martin P. Greene
mgreene@zuberlawler.com
Michael A. Carlin
mcarlin@zuberlawler.com
ZUBER LAWLER LLP
Attorneys for Defendant
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
312-346-1100