IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONJOUR MACK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 17-cv-06908 |
| ) | |
| CHICAGO TRANSIT AUTHORITY, ) | Honorable John J. Valderrama |
| ) | Magistrate Judge Maria Valdez |
| Defendants. ) | |
| ) | |
| ) | |

### DECLARATION OF MICHAEL A. CARLIN

Now comes Michael A. Carlin and, based on personal knowledge and pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am over the age of 18 and am competent to make this Declaration.

2. I am currently employed as an associate attorney with ZUBER LAWLER LLP ("ZL") and am counsel for Defendant CHICAGO TRANSIT AUTHORITY ("CTA").

3. I participated in the settlement conference in this matter on February 22, 2022.

4. I have reviewed the document attached to this declaration (Attachment A) and I attest that it is a true and correct record of the Settlement Checklist jointly prepared by the parties on February 23, 2022 and electronically executed by counsel for Plaintiff Ken Battle and counsel for Defendant, Martin Greene. I received a copy of this document from Mr. Battle via email on February 23, 2022.

5. On February 25, 2022, Zuber Lawler paralegal Mimi Medalle emailed the long form agreement to Plaintiff's counsel along with an IRS Form W-9 and copied me on the email.

2403-1004 / 2123371.2

6. On March 9, 2022, Mr. Battle, emailed me a list of changes requested by the Plaintiff to the long form settlement agreement, he stated in this email, in relevant part, "Ms. Mack feels that the settlement amount was unfair and inappropriate, she should have the right to pursue other issues that may have been omitted directly or indirectly. Ms. Mack is only being compensated for 'wages.' Therefore if she chooses to seek justice in other areas, she may do so."

7. Mr. Battle and I discussed the long form settlement document further on March 9, 2022 and March 18, 2022. Based on those discussions, it became apparent that Ms. Mack would not execute the long form settlement agreement or the IRS Form W-9 and that enforcement of the Parties' settlement would be necessary.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 22nd day of April 2022.

_____
Michael A. Carlin

Martin P. Greene
mgreene@zuberlawler.com
Michael A. Carlin
mcarlin@zuberlawler.com
ZUBER LAWLER LLP
Attorneys for Defendant
111 W. Jackson Boulevard
Suite 1700
312/346-1100

Page 1 of 3                     **SETTLEMENT CHECKLIST/TERM SHEET**

**CASE NAME:** MACK _____ **vs.** CTA _____

**CASE NO.** 17 _____ **CV** 6908 _____

**DATE OF SETTLEMENT AGREEMENT:** February 22, 2022 _____

**MEDIATOR:** Judge Maria Valdez _____

**The Parties have participated in a settlement conference and have agreed on the following material terms of settlement:**

A. **PAYMENT OF MONEY**

    1. **To:** Bonjour Mack _____ **From:** CTA _____

    2. **Total amount to be paid:** $ 25,000 _____

    3. **When:** within 30 days of final execution of settlement and release.

    4. **Payment terms** (*e.g., to whom checks will be written, number of payments, payment schedule, etc.*):
    Payment of entire amount to be made payable to: BONJOUR MACK

    5. Does payment include attorney's fees? *(mark one)* Yes ___ or No _x_

    6. Any third party liens to be paid from proceeds? Yes ___ or No _x_

       a. If yes, to whom:

    7. Tax Treatment (*e.g., W-2, 1099*):
    1099

***Except as specifically stated in this agreement, each party shall bear their own fees and costs associated with this case.***

B. **SELECT A RELEASE OPTION** (*relinquishment of a right*)

    1. ___ One Way from Plaintiff(s) to Defendant(s), or
       _x_ Mutual   *(mark one)*

    2. Scope of Release :
    a. General Release *(mark one)*
       ___ All claims raised in the litigation, or
       _x_ All existing claims, whether or not raised in the litigation.

    OR

    b. Limited Release:
    Scope: _____

**EXHIBIT A**

Page 2 of 3

C. **CONFIDENTIALITY**

    1. Settlement agreement to be confidential: Yes _X_ or No ___

    2. Mutual: Yes _X_ or No ___

    3. What can be said about litigation?
       ___ Dispute amicably resolved, or

       _X_ Other: Dispute resolved

**Exceptions to confidentiality?** *(mark all that apply)*

    _X_ Attorneys; _X_ Tax advisors;

    _X_ Immediate family; ___ Other (state other): _____

D. **OTHER MATERIAL TERMS:**
Bonjour Mack will not re-apply for employment with CTA.
Written Settlement Agreement to be executed by the parties.

**EXHIBIT A**

E.     **DISMISSAL OF CURRENT LAWSUIT**

Plaintiff agrees that in exchange for the settlement described in this document Plaintiff will dismiss the current lawsuit pending:
 _x_ with prejudice OR ___ without prejudice.
*(mark one, normally with prejudice would be marked).*

F.     **EFFECTIVE DATE**

1. **A binding agreement today** *(this will occur in the vast majority of cases)*;
_X_ Yes

OR

2. ___ **No binding agreement until a later date.** (*only select in instances where parties need to obtain further approval given the structure of the company or municipality, i.e. Board approval is required*).

**PARTIES REPRESENT THAT THEY HAVE FULL AUTHORITY TO ENTER INTO THE SETTLEMENT AGREEMENT AND AGREE THAT ALL OF THE ABOVE REPRESENTS THE MATERIAL TERMS OF SETTLEMENT.**

Signatures of all parties or party representatives:

Kenneth Battle
*Digitally signed by Kenneth Battle*
*DN: cn=Kenneth Battle, o, ou, email=kbattle@mokblaw.com, c=US*
*Date: 2022.02.23 15:55:03 -06'00'*

**On behalf of the Plaintiff**

_____
**On behalf of the Defendant**

3

**EXHIBIT A**